Tucker, P.
I am inclined to think the death of Morris before the sale, ought to have been deemed a sufficient objection to proceeding to sell, until the case was revived against his representatives •, but the point is unnecessary to be decided, as the decree is, in my . opinion, fatally defective in other respects. The gist of the case is the notice on the part of W. Sitlington of the prior deed of trust. This is not established by competent evidence. 1. The paper called the answer of W. Sitlington is not authenticated or proved, so as to make it evidence in the cause, nor does it even appear by whom it was placed among the papers. Moreover, it does not appear that the person who certified the affidavit was a justice of the peace; so that the evidence that the paper was sworn to by Sitlington is altogether' defective. 2. Morris was an interested witness. If this decree be affirmed, he will have paid off 544 dollars of his debt to Brown and Mayse, and he will be liable to Sitlington for 300 dollars; whereas, if it be reversed, he will be liable to Brown and Mayse for 544 dollars, while he is relieved as to Sitlington only to the value of 300 dollars. Thus, he is a gainer 244 dollars by a de-' cree founded upon his own evidence. He is, therefore, clearly interested and incompetent. If so, it is equally clear that his wife was incompetent. For Morris was party to the suit, and by her testimony he is made to gain 244 dollars. There is no precedent for admitting the testimony of a wife in favour of her husband, he being a party to the cause. In Baring v. Reeder, 1 Hen. *275 & Munf. 154. the husband was no party. That case has no resemblance to this. Therefore, 1 am of opinion, that the decree should be reversed, and the cause sent back for further proceedings, that the parties may have an opportunity of authenticating, if it can be done, the answer of Sitlington, which, if genuine, must put an end to the cause. The court having considered the testimony produced by the plaintiffs as competent and sufficient, and this court deciding otherwise, justice requires that the cause should go back to enable the plaintiffs to supply the defect, as it seems very probable there is in existence conclusive evidence" in support of their case. My opinion in the case of Duff v. Duff’s ex’or, 3 Leigh 523. may be referred to, as containing nay views upon a subject strongly analogous. It is unnecessary to repeat them here.
Brooke and Cabell, J. concurred.
Brockenbroügh, J.
I am not satisfied that Morris was an interested witness; but as the rest of the court are of opinion that he is incompetent, I shall say nothing on the subject. 1 concur in the opinion, that the paper in the record called the answer of W. Sitlington, cannot be regarded either as an answer or as an exhibit in the cause.
Carr, J.
I feel no doubt from the facts in the record, that the decree is substantially right; and I lament, that for want of some little care in authenticating that which no doubt was taken for granted, this cause must be sent back. I do not object to the failure of reviving as to Morris. 1 should not be for reversing, if that were the only defect. But the point is the defect of proof as to the paper purporting to be Sitlington’s answer. If the clerk had certified that this paper was filed by Sitlington himself as his answer, or if the per *276 son who certified that he swore to it, had signed him-sell a justice of the peace, or had been proved to be one; I should have taken the paper for either an answer or a sworn statement of Sitlington; and that proving full notice of the' prior deed (which is the only point in the cause), I should have had no hesitation in affirming the decree. But as none of this evidence is furnished, I must concur in reversing the decree, and sending the cause back, to give the plaintiffs an opportunity to furnish this proof. I do not think Morris or his wife were competent witnesses.
Decree reversed, and cause remanded for further proceedings.